IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**LARRY D. THOMPSON**,

        Plaintiff,                                      No. CV 09-1082-ST

        v.                                            OPINION AND ORDER

**COMMISSIONER OF SOCIAL SECURITY**,

        Defendant.

**MOSMAN, J.**,

On September 29, 2010, Magistrate Judge Stewart issued her Findings and Recommendation ("F&R") (#19) in the above-captioned case recommending that I affirm the Commissioner's decision. Plaintiff filed objections (#21) to which defendant did not respond.

### STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328

OPINION AND ORDER - 1

F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Mr. Thompson raised one objection: that Magistrate Judge Stewart was incorrect to find harmless error where the ALJ failed to include certain manipulative limitations in Mr. Thompson's residual functional capacity ("RFC"). Upon review, I adopt all of Judge Stewart's findings except the second full paragraph on page 18 of the F&R, which reads:

> As discussed above, the ALJ erred by failing to include manipulative limitations in Thompson's RFC. However, this error was harmless as it was inconsequential to the disability determination. *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Burch v. Barnhart,* 400 F.3d 676, 682 (9th Cir. 2005). Even if these limitations were in the RFC, it would not affect the VE testimony because Thompson's past relevant work as performed did not include activities affected by the manipulative limitations. *Stout v. Comm'r of Soc. Sec. Admin.,* 454 F.3d 1050, 1055 (9th Cir. 2006). Thus, the ALJ correctly found that Thompson could perform his past relevant work and was not disabled within the meaning of the Social Security Act.

I agree with Judge Stewart's conclusion that the ALJ erred by not including Mr. Thompson's manipulative limitations, as outlined by Drs. Neville and Ogisu, in Mr. Thompson's RFC. (F&R 16.) Therefore, the manipulative requirements of Mr. Thompson's past relevant work are important. Mr. Thompson now points to a relevant discrepancy between page 80 and pages 115–17 of the Transcript of Social Security Administrative Record. Page 80 seems to indicate that Mr. Thompson's position as truck dispatcher required four hours of manipulative activities per day, while pages 115–17 indicate zero hours of required manipulative activity.

I agree with Mr. Thompson that the ALJ's error was not necessarily harmless because there is an outstanding dispute of fact regarding what manipulative activities Mr. Thompson was

required to perform in his past relevant work. (Pl.'s Objection (#21) 3.) Given this dispute, it is possible that the manipulative limitations described by Drs. Neville and Ogisu may have foreclosed Mr. Thompson's ability to perform past relevant work. However, it is for the ALJ, not this court, to resolve that factual discrepancy in the first instance. *See Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (holding that the courts may review the ALJ's decision only based on the reasoning and findings of the ALJ).

Therefore, I do not adopt Judge Stewart's recommendation to affirm the Commissioner's denial of benefits, and I must remand to the ALJ to determine whether Mr. Thompson could perform his past relevant work given his manipulative limitations. If the ALJ determines that Mr. Thompson could not perform past relevant work, then he or she must proceed to determine whether there are other jobs in the national economy that Mr. Thompson could perform.

## CONCLUSION

Upon review, I ADOPT IN PART Judge Stewart's F&R (#19) as my own, as explained above, and I REMAND to the ALJ to determine whether Mr. Thompson could perform past relevant work, given the manipulative limitations described by Drs. Neville and Ogisu.

IT IS SO ORDERED.

DATED this   23rd   day of November, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

OPINION AND ORDER - 3