IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LARRY D. THOMPSON,

                        Plaintiff,                Civil No. 3:09-cv-1082-ST

      v.                                        FINDINGS AND
                                                    RECOMMENDATION

MICHAEL J. ASTRUE, Commissioner of Social
Security,

                        Defendant.

STEWART, Magistrate Judge:

**INTRODUCTION**

     Plaintiff, Larry Thompson, filed this action for judicial review of a final decision of the Commissioner of Social Security denying his applications for disability insurance benefits ("DIB") and supplemental security income payments ("SSI") under Titles II and XVI of the Social Security Act. On September 29, 2010, I issued Findings and Recommendation ("F&R")

1 - FINDINGS AND RECOMMENDATION

to affirm the Commissioner's decision (docket # 19).  Thompson filed objections, arguing that the case should be reversed for a further hearing (docket # 21).  On November 22, 2010, Judge Michael W. Mosman issued an Opinion and Order ("O&O") adopting in part and rejecting in part my F&R (docket #22), followed on November 23, 2010, with a Judgment remanding this case for further proceedings (docket # 23).

On March 1, 2011, Thompson filed an Application for Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 USC § 2412(d), in the total sum of $7,040.50 (docket # 24).[1]  The Commissioner objects to an award of EAJA fees on the basis that its position was substantially justified.  For the reasons set forth below, Thompson's application should be granted.

## **FINDINGS**

EAJA requires an award of attorney fees to prevailing parties in civil actions against the United States unless "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 USC § 2412(d)(1)(A).  The Commissioner concedes that Thompson was the prevailing party, but contends that its position was substantially justified.

To deny an award of EAJA fees, the reviewing court must ascertain "first, whether the government was substantially justified in taking its original action; and second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F2d 329, 332 (9th Cir 1988).  The Commissioner's failure to prevail on the merits does not raise a presumption of unreasonableness. *United States v. Marolf*, 277 F3d 1156, 1162 (9th Cir 2002), citing *Kali*, 854 F2d at 332.  In opposing an EAJA fee request, the Commissioner

---

[1] This amount includes an additional four hours for researching and writing the reply brief.

bears the burden to establish that his positions at each stage of the proceeding were "substantially justified." *Corbin v. Apfel*, 149 F3d 1051, 1053 (9th Cir 1998).

To be "substantially justified" means "justified in substance or in the main," in other words, "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 US 552, 565 (1988) (internal citations omitted). The Supreme Court has explained that "a position can be justified even though it is not correct, and we believe it can be substantially . . . justified . . . if it has a reasonable basis in law and fact." *Id* at 566 n2. The position does not need to be "justified to a high degree." *Id* at 565. This standard is lower than the "substantial evidence" standard and is met if there is a "genuine dispute." *Id*.

The Commissioner argues that its position, taken as a whole, had a reasonable basis in law and fact and involved a genuine dispute over which reasonable people could differ. Judge Mosman and I affirmed the Commissioner with respect to the majority of the alleged errors, namely the ALJ's analysis of Thompson's credibility, treating physician opinions, and lay testimony. However, we disagreed on one issue, namely whether the ALJ's failure to include manipulative limitations in Thompson's RFC was harmless error.

In determining that Thompson had no manipulative limitations, the ALJ rejected opinions by two examining physicians (Drs. Neville and Greeder) and one treating physician (Dr. Ogisu). The ALJ instead adopted the opinion of a state agency nonexamining physician (Dr. Jensen). Judge Mosman agreed with me that the ALJ failed to provide sufficient reasons for rejecting the manipulative limitations opined by Drs. Neville and Ogisu. O&O, p. 2. With respect to how these manipulative limitations affected Thompson's past relevant work as a truck dispatcher (a sedentary, semi-skilled job), I determined that this error was harmless:

3 - FINDINGS AND RECOMMENDATION

> as it was inconsequential to the disability determination. . . . Even if these limitations were in the RFC, it would not affect the VE testimony because Thompson's past relevant work as performed did not include activities affected by the manipulative limitations. . . . Thus, the ALJ correctly found that Thompson could perform his past relevant work and was not disabled within the meaning of the Social Security Act.

F&R, p. 18 (citations omitted).

My conclusion was based on Thompson's work history report in which he described his past relevant work as a truck dispatcher. Tr. 114-21. That description states he did no handling, grasping or grabbing of big objects; no reaching; and no handling of small objects. Tr. 116.

In his Objections to the F&R, Thompson made only one argument which relied solely on a discrepancy in the Administrative Record. As explained by Judge Mosman, "page 80 seems to indicate that Mr. Thompson's position as truck dispatcher required four hours of manipulative activities per day, while pages 115–17 indicate zero hours of required manipulative activity." O&O, p. 2. With the manipulative limitations opined by Drs. Neville and Ogisu, Thompson would not be able to perform his past relevant work as he described it on page 80, but would have been able to perform it as described on page 115. Based on this discrepancy, Judge Mosman concluded that the ALJ's error "was not necessarily harmless because there is an outstanding dispute of fact regarding what manipulative activities Mr. Thompson was required to perform in his past relevant work." *Id* at 2-3.

Thompson first raised this discrepancy in his Objections to my F&R. In fact, his prior briefs failed to mention either page 80 or page 115 concerning the job requirements. His prior briefs argued only that Dr. Ogisu limited him to occasional reaching, which would preclude a job requiring frequent reaching, and that Dr. Neville limited him to sitting less than six hours a day,

4 - FINDINGS AND RECOMMENDATION

which would preclude sedentary work. Opening Brief (docket # 14), p. 17; Reply Brief (docket # 18), p. 7. Only after I issued my F&R did Thompson argue that the record is unclear as to whether his past relevant work requires manipulative activities. Admittedly, my independent review of the record did not reveal this discrepancy, but Thompson did not highlight or rely on this discrepancy until he filed his Objections to the F&R.

Courts have declined to find substantial justification for the Commissioner's position based on a variety of failures by the ALJ. *E.g., Cobin v. Apfel*, 149 F3d 1067, 1053 (9th Cir 1998) (failing to determine whether the claimant's testimony regarding excess pain was credible and whether a lifting restriction was temporary or permanent); *Sampson v. Charter*, 103 F3d 921-922 (9th Cir 1996) (failing to make necessary inquiries of the unrepresented claimant and his mother in determining the onset date of disability and disregarding substantial evidence establishing the same); *Flores v. Shalala*, 49 F3d 562, 570, 572 (9th Cir 1995) (ignoring a medical report which contradicted the job requirements that the ALJ deemed claimant capable of performing); *Reid v. Astrue*, 2010 WL 1573790, at *3 (D Or April 15, 2010) (failing to comply with court's directive to identify evidence of any additional contradictory treating or examining physician's opinions); *Crowe v. Astrue*, 2009 WL 3157438, at *1 (ED Cal September 28, 2009) (improperly rejecting treating physician opinions without providing a basis in the record).

In contrast, substantial justification was found in *Lewis v. Barnhart*, 281 F3d 1081, 1084-86 (9th Cir 2002). In *Lewis*, the Commissioner defended an ALJ's erroneous characterization of the claimant's testimony. The Ninth Circuit found that defense was supported by a reasonable basis in law because the ALJ must assess the claimant's testimony to define past relevant work as actually performed, as well as a by a reasonable basis in fact since the record

contained testimony from the claimant and a treating physician that cast doubt on the claimant's subjective testimony.

The Ninth Circuit also found substantial justification in *Le v. Astrue*, 529 F3d 1200 (9th Cir 2008). In *Le*, the Commissioner argued that a particular doctor was not a treating doctor because the medical record evidence documented only five visits to him over three years. The court rejected that argument, but found it to be "nonfrivolous" under a vague regulatory standard "especially given the severity and complexity of Le's alleged mental problems." *Id* at 1201.

Here Thompson complained of several errors by the ALJ, but prevailed on only one. Even though the Commissioner's position was substantially justified in nearly all respects, the crucial issue for an award of EAJA fees is the one that led to the remand. *See Flores*, 49 F3d at 572 ("The district court erroneously looked to the reasonableness of the Secretary's position on the ultimate question of disability. Instead, it should, at least initially, have inquired whether the Secretary was substantially justified in her position with respect to the procedural errors that led to remand."). Both Judge Mosman and I agreed that the ALJ erred by rejecting the opinions by Drs. Neville and Ogisu as to manipulative limitations. On that point, the Commissioner's position was not substantially justified because the ALJ had no basis in law for relying on the opinion of Dr. Jensen without providing clear and convincing reasons to reject the contradictory opinions of Drs. Neville and Ogisu. However, in order to prevail, Thompson also had to establish that this error could result in a determination of disability on remand. In that regard, Judge Mosman and I disagreed whether that error was harmless.

At first blush, based on the differing conclusions reached by Judge Mosman and me, it would appear that reasonable persons could differ as to whether the ALJ's error was harmless,

thus supporting a finding of substantial justification for the Commissioner's position. The problem is that my conclusion resulted from being unaware of the discrepancy in the Administrative Record concerning Thompson's job requirements. Had I been aware of the discrepancy, then I would have reached the same conclusion as Judge Mosman. In other words, reasonable persons could not differ as to whether the error was harmless due to contradictory evidence in the record concerning Thompson's past relevant work. In defending the ALJ, the Commissioner presumably was unaware of the discrepancy as well. In fact, after learning of that discrepancy, the Commissioner filed no opposition to Thompson's Objections to the F&R.

Although the Commissioner's decision to defend was substantially justified as to all of the ALJ's errors but one, it was not substantially justified as to the one crucial error that allowed Thompson to obtain a remand. Therefore, Thompson should be awarded attorney fees under EAJA.

The Commissioner does not object to the amount of attorney fees requested by Thompson. However, the court has an independent obligation to ensure that the request is reasonable. The court exercises discretion in awarding fees under EAJA. *See Rodriguez v. United States*, 542 F3d 704, 709 (9th Cir 2008) (court of appeals reviews district court award of fees under EAJA for abuse of discretion); *see also Webb v. Ada County*, 195 F3d 524, 527 (9th Cir 1999) (district court possesses "considerable discretion" in determining the reasonableness of a fee award). The fee award is a combination of the number of hours reasonably worked, multiplied by a reasonable hourly rate.

Thompson's counsel spent 40.25 hours (including 4.0 hours on the reply to support the EAJA fee request) on this case. As noted by Judge Mosman, "[t]here is some consensus among

the district courts that 20-40 hours is a reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Commissioner*, 497 F Supp2d 1214, 1215 (D Or 2007) (citing cases). Judge Mosman agreed that absent unusual circumstances or complexity, "this range provides an accurate framework for measuring whether the amount of time counsel spent is reasonable." *Id* at 1216. Based on this range, the number of hours spent by Thompson's counsel is not unreasonable.

Thompson has correctly calculated the standard hourly rate under EAJA, adjusted for inflation. The statutory cap of $125.00 per hour is adjusted by the change in the Consumer Price Index for urban consumer ("CPI-U") using the appropriate regional category according to the following formula: 125 (current statutory rate) x (CPI-U)/(March 1996 CPI-U). *Ramon-Sepulveda v. INS*, 863 F2d 1458, 1463 n4 (9th Cir 1988). Those rates are $172.24 for 2009 and $175.06 for 2010. Based on those rates, Thompson's attorneys are entitled to an EAJA fee award of $7,040.50.

## RECOMMENDATION

For the reasons set forth above, Thompson's Application for Fees Pursuant to the EAJA (docket # 24) should be GRANTED in the sum of $7,040.50.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a United States District Judge. Objections, if any, are due April 25, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

///

///

///

8 - FINDINGS AND RECOMMENDATION

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 8th day of April, 2011.

s/ Janice M. Stewart__<br>
Janice M. Stewart<br>
United States Magistrate Judge